IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORIX USA CORPORATION, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-mc-63-N-BN |
| | § | |
| MARC ARMENTROUT, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Movant ORIX USA Corporation ("ORIX") has filed a Rule 45 Motion to Compel Compliance with Subpoena [Dkt. No. 1], seeking an order compelling non-party Marc Armentrout to comply with a January 29, 2016 document subpoena issued pursuant to Federal Rule of Civil Procedure 45 in connection with the underlying action pending in the Texarkana Division of the United States District Court for the Eastern District of Texas, *ORIX USA Corp. v. Preston Hollow Capital, LLC*, 15-CV-00170-RWS (E.D. Tex.) (the "Underlying Action").

United States District Judge David C. Godbey has referred this motion to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 2.

The Court then issued an Electronic Order explaining that "Federal Rule of Civil Procedure 45(f) provides that, when the court where compliance is required did not issue the subpoena, it may transfer a motion under Rule 45 to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances"

-1-

and requiring that "ORIX USA Corporation and Respondent Marc Armentrout must each file a response to this order by July 18, 2016 explaining their respective views on the propriety of transferring the Rule 45 Motion to Compel Compliance with Subpoena 1 under Rule 45(f) to the Texarkana Division of the United States District Court for the Eastern District of Texas for resolution in connection with the" Underlying Action. Dkt. No. 3.

ORIX and Armentrout each timely filed the required response. *See* Dkt. No. 5; Dkt. No. 6.

**Legal Standards and Analysis**

"Federal Rule of Civil Procedure 45 'explicitly contemplates the use of subpoenas in relation to non-parties' and governs subpoenas served on a third party, such as [Armentrout], as well as motions to quash or modify or to compel compliance with such a subpoena." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 42 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009)).

Under Rule 45, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); *see also* FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises ... may be set out in a separate subpoena."). Rule 45(a)(1)(C)

further provides that "[a] subpoena may specify the form or forms in which electronically stored information is to be produced." FED. R. CIV. P. 45(a)(1)(C).

Rule 45(d)(2)(B) requires that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested" – and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). "'The serving party may agree to extend the deadline to respond to a subpoena, including the deadline to serve written objections.'" *Am. Fed'n*, 313 F.R.D. at 43 (quoting *Shaw Group, Inc. v. Zurich Am. Ins. Co.*, Civ. A. No. 12-257-JJB-RLB, 2014 WL 1783955, at *4 (M.D. La. May 5, 2014)).

"If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED. R. CIV. P. 45(d)(2)(B). Timely serving written objections therefore suspends the non-party's obligation to comply with a subpoena commanding production of documents, pending a court order. *See* FED. R. CIV. P. 45(d)(2)(B)(ii); *Am. Fed'n*, 313 F.R.D. at 44.

On the other hand, "[t]he failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." *Am. Fed'n*, 313 F.R.D. at 43 (internal quotation marks omitted).

And "a non-party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on general or boiler-plate [or unsupported] objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *Id.* at 46 (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2004), and adopting "the explanations in *Heller* of what is required to make proper objections and how to properly respond to discovery requests"). Just as, "[a]lthough [Federal Rule of Civil Procedure] 34 governs document discovery from a party and not a non-party, see FED. R. CIV. P. 34(c)," "Rule 34(b)(1)'s reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party," so too "a non-party's Rule 45(d)(2)(B) objections to those requests should be subject to the same requirements facing a party objecting to discovery under Rule 34." *Id.* at 44, 46. This means that a non-party is subject to the requirements that an objection to a document request must, for each item or category, state with specificity the grounds for objecting to the request, including the reasons, and must state whether any responsive materials are being withheld on the basis of that objection; that an objection to part of a request must specify the part and permit inspection of the rest; that "general or so-called boilerplate or unsupported objections are improper under Rule 45(d)(2)(B)"; and that

-4-

the explanations in *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), of what is required to make proper objections and how to properly respond to discovery requests apply equally to non-parties subject to a Rule 45 subpoena. *See id.* at 46; FED. R. CIV. P. 34(b)(2)(B)-(C).

ORIX properly filed its motion to compel in this Court, which, as required by Rule 45(d)(2), is the court in the district where compliance with the subpoena is required. *See* Dkt. No. 1-1.

Federal Rule of Civil Procedure 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate. *See Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655 (N.D. Ohio Nov. 19, 2015).

Armentrout does not consent to transfer, and the Court therefore may only transfer the motion to compel to the issuing court (the Eastern District of Texas) if exceptional circumstances exist. *See* Dkt. No. 5; *CMB Expert, LLC v. Atteberry*, 3:14-mc-51-B-BN, 2014 WL 2197840, at *1 (N.D. Tex. May 27, 2014).

ORIX does not formally move to transfer but contends that, while it "is confident that this Court is more than capable of deciding this matter given the blatant waivers committed by Armentrout in failing to timely respond to the subpoena, the Court may determine that the circumstances exist to support the transfer of this matter to the

Eastern District of Texas." Dkt. No. 6 at 2. ORIX consents to transfer to the United States District Court for the Eastern District of Texas "and believes there is sufficient evidence for this Court to conclude that the necessary circumstances exist to transfer this matter if Armentrout does not also consent to a transfer." *Id.*

Specifically, ORIX explains that Judge Schroeder, the presiding judge in the Underlying Action, "is very familiar with the facts in the underlying lawsuit" and has "held a discovery hearing which lasted several hours on June 30, 2016" and was scheduled to conduct a hearing on additional discovery disputes on July 19, 2016. *Id.* at 1. "During the June 30 hearing, Judge Schroeder ordered Preston Hollow Capital, LLC to produce any messages and correspondence between [Armentrout] and any employee or agent of" Preston Hollow Capital, LLC. *Id.* ORIX asserts that "[t]ransferring the case to Judge Schroeder will likely maintain consistency in the scope of discovery" and "that any additional burden on Armentrout will be minimal, particularly since he is now employed at Preston Hollow Capital, LLC, the defendant in the Underlying Action." *Id.* at 1-2 (footnote omitted).

ORIX also notes, "[i]n the spirit of full disclosure, ... that Judge Kinkeade ruled on a motion to quash or modify a subpoena issued from the Underlying Action served on Deason Capital Services, LLC last week," but ORIX "believes that the circumstances associated with the Deason Capital motion are different than the instant matter because Judge Schroeder has not addressed any issues directly related to Deason Capital." *Id.* at 2.

Armentrout opposes a Rule 45(f) transfer. He notes that he and ORIX "reside in the Dallas Division of the Northern District of Texas, the place of compliance is in the Dallas Division, and the documents at issue in this proceeding are located or retrievable in the Dallas Division" and asserts that, "[o]ther than the fact that [ORIX] chose the Texarkana Division as its forum for what appear to be solely strategic litigation reasons, neither [ORIX], [Armentrout], or the subject matter of the Rule 45 Subpoena have any connection with Texarkana or the Eastern District of Texas." Dkt. No. 5 at 1-2. "Furthermore, to [Armentrout's] knowledge, there is no pending motion or order in the Texarkana court that overlaps with the subject-matter of Petitioner's Motion to Compel," and "the Rule 45 subpoena at issue in [ORIX's] Motion is not the subject of any pending action or order of the Texarkana court." *Id.* at 2, 3. Armentrout argues that he "entitled under the Rules to oppose [ORIX's] Motion in his local district and division" and that "resolving the Motion to Compel in [Armentrout's] home district [does not implicate] any of the concerns raised by the Advisory Committee" as to Rule 45(f) transfers where, Armentrout "is unaware of any ruling by the Texarkana court on the issues presented in the Motion to Compel or that these issues are likely to rise in multiple districts." *Id.* at 4. According to Armentrout, "[a]t bottom, the subpoena and Motion to Compel are the kind of unremarkable third-parties discovery motion practice that is contemplated by the venue provision of Rule 45," and he "is unaware of any 'exceptional circumstance' that would support transferring [ORIX's] Motion pursuant to Rule 45(f)." *Id.*

As a general matter, "the proponent of transfer bears the burden of showing that such circumstances are present." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments). The Advisory Committee Notes provide the following guidance as to when transfer of a subpoena-related motion is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.* "In determining whether 'exceptional circumstances' exist, courts consider several factors, including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Duck v. United States Sec. & Exch. Comm'n*, No. CV116MC00697CKK, 2016 WL 1573444, at *2 (D.D.C. Apr. 19, 2016) (internal quotation marks omitted; citing cases).

The Court is persuaded that transfer is not appropriate here based on any exceptional circumstances. The Court notes that Armentrout's lack of connection to the Eastern District of Texas is not necessarily a basis to avoid transfer of a motion regarding a subpoena issued by that court in service of discovery in the Underlying Action pending there. And, where Armentrout is now represented by the same counsel

representing the defendant in the Underlying Action, he might face only a minimal burden in litigating the motion to compel in the Eastern District of Texas.

But the Court has not been presented with particular circumstances that suggest that transfer is needed or warranted to avoid disrupting the issuing court's management of the underlying litigation, such as where the same issues are likely to rise in discovery in many districts. *See CMB*, 2014 WL 2197840, at *3. Under the particular circumstances presented here, it appears that, to the extent that Judge Schroeder has already ruled on an issue related to those presented by the motion to compel, the Court will have the benefit of that ruling, which does not appear to be particularly complicated or to be based on a complex factual background. And the Court notes that another judge of this Court has already decided another subpoena-related motion connected to the Underlying Action.

## Conclusion

For the reasons explained above, the Court declines to transfer Movant ORIX USA Corporation's Rule 45 Motion to Compel Compliance with Subpoena [Dkt. No. 1] pursuant to Federal Rule of Civil Procedure 45(f).

SO ORDERED.

DATED: July 21, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE