IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORIX USA CORPORATION, | § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-mc-63-N-BN |
| MARC ARMENTROUT, | § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**[1]

Movant ORIX USA Corporation ("ORIX") has filed a Rule 45 Motion to Compel Compliance with Subpoena [Dkt. No. 1] (the "MTC"), seeking an order compelling non-party Marc Armentrout to comply with a January 29, 2016 document subpoena issued pursuant to Federal Rule of Civil Procedure 45 in connection with the underlying action pending in the Texarkana Division of the United States District Court for the Eastern District of Texas, *ORIX USA Corp. v. Preston Hollow Capital, LLC*, 15-CV-00170-RWS (E.D. Tex.) (the "Underlying Action").

United States District Judge David C. Godbey has referred this motion to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 2.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

After the Court declined to transfer the MTC pursuant to Federal Rule of Civil Procedure 45(f), *see* Dkt. No. 7, Armentrout filed a response to the MTC, *see* Dkt. No. 8, and ORIX filed a reply, *see* Dkt. No. 9.

For the reasons and to the extent explained below, the Court DENIES ORIX's Rule 45 Motion to Compel Compliance with Subpoena [Dkt. No. 1].

**Legal Standards**

"Federal Rule of Civil Procedure 45 'explicitly contemplates the use of subpoenas in relation to non-parties' and governs subpoenas served on a third party, such as [Armentrout], as well as motions to quash or modify or to compel compliance with such a subpoena." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 42 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009)).

Under Rule 45, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); *see also* FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises ... may be set out in a separate subpoena."). Rule 45(a)(1)(C) further provides that "[a] subpoena may specify the form or forms in which electronically stored information is to be produced." FED. R. CIV. P. 45(a)(1)(C).

Rule 45(d)(2)(B) requires that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated

in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested" – and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). "'The serving party may agree to extend the deadline to respond to a subpoena, including the deadline to serve written objections.'" *Am. Fed'n*, 313 F.R.D. at 43 (quoting *Shaw Group, Inc. v. Zurich Am. Ins. Co.*, Civ. A. No. 12-257-JJB-RLB, 2014 WL 1783955, at *4 (M.D. La. May 5, 2014)).

"If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED. R. CIV. P. 45(d)(2)(B). Timely serving written objections therefore suspends the non-party's obligation to comply with a subpoena commanding production of documents, pending a court order. *See* FED. R. CIV. P. 45(d)(2)(B)(ii); *Am. Fed'n*, 313 F.R.D. at 44.

On the other hand, "[t]he failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." *Am. Fed'n*, 313 F.R.D. at 43 (internal quotation marks omitted).

And "a non-party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on general or boiler-plate [or unsupported] objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *Id.* at 46 (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2004), and adopting "the explanations in *Heller* of what is required to make proper objections and how to properly respond to discovery requests"). Just as, "[a]lthough [Federal Rule of Civil Procedure] 34 governs document discovery from a party and not a non-party, see FED. R. CIV. P. 34(c)," "Rule 34(b)(1)'s reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party," so too "a non-party's Rule 45(d)(2)(B) objections to those requests should be subject to the same requirements facing a party objecting to discovery under Rule 34." *Id.* at 44, 46.

This means that a non-party is subject to the requirements that an objection to a document request must, for each item or category, state with specificity the grounds for objecting to the request, including the reasons, and must state whether any responsive materials are being withheld on the basis of that objection; that an objection to part of a request must specify the part and permit inspection of the rest; that "general or so-called boilerplate or unsupported objections are improper under Rule 45(d)(2)(B)"; and that the explanations in *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), of what is required to make proper objections and how to properly respond to discovery requests apply equally to non-parties subject to a Rule 45 subpoena. *See id.* at 46; FED. R. CIV. P. 34(b)(2)(B)-(C).

-4-

## Analysis

ORIX properly filed its motion to compel in this Court, which, as required by Rule 45(d)(2), is the court in the district where compliance with the Subpoena is required. *See* Dkt. No. 1-1.

In support of its MTC, ORIX asserts that the Subpoena seeks documents that are plainly relevant to the Underlying Action in five straightforward requests; that Armentrout was employed by ORIX until he was terminated for insubordination and acting as an agent for the defendant in the Underlying Action, Preston Hollow Capital, LLC ("PHC"), while still employed by ORIX but that Armentrout now works for PHC; that Armentrout did not object within the time permitted by Rule 45(d)(2)(B), waiving any objections, and also did not file a motion to quash or to modify the Subpoena by the date of compliance, waiving his rights to relief under those procedural mechanisms.

ORIX contends that, where Armentrout sent an unsigned letter to ORIX's counsel four weeks after the Subpoena was served attempting to lodge untimely (and deficient) objections and then produced only 48 pages in response to the Subpoena, ORIX has reason to believe that this production is woefully deficient. According to ORIX, despite what Armentrout states was a complete search of his personal devices and records, the production at best dwells in the outer reaches of responsiveness, and, at worst, Armentrout's response and production intentionally shirks his responsibility to comply with the Subpoena in blatant disregard of the Federal Rules of Civil Procedure.

ORIX explains that the Subpoena seeks production of documents: (1) relating to communications between Armentrout and thirteen former employees of ORIX, each of whom began working for PHC, relating to the Underlying Lawsuit; (2) communications with three other individuals who have sued ORIX and who are persons with knowledge of relevant facts in the Underlying Lawsuit; (3) communications between Armentrout and five other PHC employees who are persons with knowledge of relevant facts in the Underlying Lawsuit; (4) communications with PHC employees related to ORIX's business, operations, or employees; and (5) communications with the attorneys for PHC's executives (who were former ORIX executives). ORIX reports that Armentrout's production included four documents: (1) one email to Andy Lester (a CPA who shares office space with PHC) containing Armentrout's 2015 tax preparation forms (45 pages); (2) two undated, untimed text messages from an unidentified sender to unidentified recipients (2 pages); and, (3) a document with a document ID number titled "Voicemail transcription" that purports to transcribe a voicemail from Mike Cousins to an unidentified "Marc" that presumably is Armentrout (1 page).

ORIX contends that, while Armentrout produced only two text messages in response to the Subpoena, ORIX has been informed by PHC's counsel that text messages exist between PHC and Armentrout, and communications between Armentrout and PHC employees are relevant to ORIX's case. ORIX requests that the Court compel Armentrout's compliance with the Subpoena.

Armentrout responds that the MTC should be denied for the simple reason that Respondent has produced all responsive documents in his possession, custody, and control, to the extent that such documents exist. Armentrout asserts that his compliance has been communicated more than once to ORIX's attorneys, and, his "existing objections notwithstanding, [Armentrout] affirmatively attests that, after searching his personal email accounts, his cellular phone, and paper records, he has produced all responsive documents in his possession, custody and control and he is not withholding any documents." Dkt. No. 8 at 7. According to Armentrout, "[t]o the extent [ORIX] believes any documents or communication has not been produced, such documents or communications either do not exist or are not in [Armentrout's] possession custody and control." *Id.*

Armentrout further contends that, even if this were not the case, the MTC should also be denied because it has been made in bad faith and part of ORIX's campaign of harassment and abuse toward Armentrout. Armentrout asserts that ORIX has lodged unsupported allegations at Armentrout, terminated his employment under a pre-textual circumstances, and attempted to improperly evade the strictures and protections of the Federal Rules of Civil Procedure and the orders of the court in the Underlying Action as part of a "scorched earth" litigation strategy to defend itself from having to pay equity options to former ORIX executives, including Armentrout.

Armentrout argues that, while the Court need not reach ORIX's arguments regarding waiver, assuming that Armentrout's objections were untimely under the 14-day deadline, they were served within the deadline for compliance and that,

furthermore, under the three-part test announced in *American Federation of Musicians v. Skodam Films*, LLC, 313 F.R.D. 39, 43 (N.D. Tex. 2015), Armentrout's untimely objections should be excused.

And Armentrout contends that, contrary to ORIX's argument that Armentrout's objections lack specificity, a review of his objection letter shows that he clearly made specific objections to each and every request.

ORIX replies that Armentrout's cell phone bill was paid by ORIX as part of his benefits and that the records reveal that Armentrout had numerous texts and telephone calls with PHC employees, including Jim Thompson, the former CEO of ORIX and the current CEO of PHC, as well as Managing Director Cliff Weiner. ORIX reports that PHC has produced texts that Armentrout has failed to produce and that the phone records demonstrate Armentrout had 9 texts messages between himself and Thompson in the two weeks leading up to the date that the Subpoena was served.

ORIX contends that, while Armentrout's lawyers claim he has produced all responsive documents, Armentrout's sworn declaration is conspicuously void of any such representation. According to ORIX, Armentrout either wrongfully deleted the text messages or has failed to produce all responsive documents, even though he was specifically requested not to destroy any documents in the request attached to the Subpoena. ORIX notes that Armentrout's counsel have not taken ownership of his production but instead asks the Court to deny ORIX's MTC based on a statement that the documents "do not exist, are not obtainable, or have already been produced." But, ORIX notes, the very same page of the response shows that it was only Armentrout

(not his counsel) who searched "his personal email accounts, his cellular phone, and paper records" and that this all allegedly occurred while Armentrout acted pro se, and nothing in the Response shows how (or if) Armentrout's counsel took any steps to confirm the completeness of the production.

ORIX explains that, despite counsel representing that Armentrout "affirmatively attests" that the production is complete, Armentrout's declaration attached to the response makes no representation whatsoever regarding any actions taken by Armentrout to search for, preserve, review, and produce documents and declines to state that anything was produced, much less that production is complete. ORIX therefore requests that the Court further order Armentrout to affirm in under oath at a hearing before this Court or in a deposition or otherwise that he has produced all documents responsive to the Subpoena – given the evidence presented that demonstrates Armentrout's responses are incomplete – or explain when and how documents were destroyed. ORIX contends that, if all documents have been produced, Armentrout's counsel could supplement or amend Armentrout's objections – signed pursuant to Federal Rule of Civil Procedure 26(g) – and state that all responsive documents have been produced, but, ORIX notes, the response appears on its face to stand on Armentrout's objections.

ORIX further replies that Armentrout, while technically pro se at the time he untimely responded to the Subpoena, should not be allowed to circumvent the clear direction that he received on the back of the Subpoena that a "person commanded to produce documents ... may serve on the other party ... a written objection to inspecting,

copying or testing.... The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." ORIX contends that Armentrout's untimely objection is riddled with citations and legal jargon, indicating his knowledge of the law, or that a lawyer was assisting behind the scenes. ORIX therefore asserts that Armentrout's untimely objections should be overruled and that he should be ordered to fully and completely respond to the Subpoena.

A party or non-party "cannot produce what it does not have." *Solorzano v. Shell Chem. Co.*, No. Civ. A.99-2831, 2000 WL 1145766, at *7 (E.D. La. Aug. 14, 2000). And, so, "[c]learly, the court cannot compel [a party or non-party] to produce non-existent documents." *Beasley v. First Am. Real Estate Info. Servs., Inc.*, No. 3:04-cv-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005).[2]

---

[2] *See also Payne v. Forest River, Inc.*, No. Civ. A. 13-679-JJB-RLB, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Gordon v. Greenville Indep. Sch. Dist.*, No. 3:13-cv-178-P, 2014 WL 6603420, at *2 (N.D. Tex. Nov. 20, 2014) ("Although Plaintiff is not satisfied with this response, he fails to point to anything that suggests such reports actually exist. The Court cannot compel GISD to produce documents that do not exist."); *Seahorn Investments, L.L.C. v. Fed. Ins. Co.*, 1:13CV320-HSO-RHW, 2014 WL 11444117, at *4 (S.D. Miss. Oct. 16, 2014 ("In response to the motion to compel, Plaintiff affirms that all responsive documents have been produced. The Court will therefore require no further response...."); *Butler v. La. Dep't of Pub. Safety & Corr.*, No. Civ. A. 12-420-BAJ-RLB, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014) ("[The Court] cannot compel Defendant to produce documents that do not exist."); *Bailey v. Monitronics Int'l, Inc.*, No. 3:09-CV-158-HTW-LRA, 2014 WL 3867498, at *7 (S.D. Miss. Aug. 6, 2014) ("This court cannot compel Monitronics to produce documents that it does not have."); *York v. Tropic Air, Ltd.*, No. Civ. A. V-10-55, 2011 WL 1654418, at *5 (S.D. Tex. Apr. 28, 2011) (denying motion to compel to the extent responsive documents do not exist, are not in the possession custody or control or respondent, or have already been produced); *McElwee v. Wallantas*, No. Civ. A. L-03-CV-172, 2005 WL 2346945, at *3 (S.D. Tex. Sept. 26, 2005) ("[T]he Court cannot order the Defendants to produce

Here, Armentrout's counsel states that Armentrout has affirmatively attested that, after searching his personal email accounts, his cellular phone, and paper records, that he has produced all responsive documents in his possession, custody, and control, and that he is not withholding any documents based on his objections or otherwise. The Court need not address Armentrout's objections and whether they have been waived where he represents to the Court that he is not withholding any production based on those objections.

But, under the circumstances here, ORIX is entitled to an unequivocal representation, under oath, that Armentrout has produced all documents that are responsive to the requests in the Subpoena (as summarized in Movant ORIX USA Corporation's Rule 45 Motion to Compel Compliance with Subpoena [Dkt. No. 1]) and that are in his possession, custody, and control and that he is not withholding any responsive documents based on his objections or otherwise.

Armentrout must, by **August 12, 2016**, file a supplemental response attaching such a statement, under oath, by Armentrout or, alternatively, attaching a supplemental or amended response to the Subpoena, signed by Armentrout's counsel, stating that all documents responsive to the requests in the Subpoena (as summarized

---

documentation that does not exist. Therefore, unless the Plaintiff can provide proof that the documents exist, rather than mere speculation, the Court will not entertain motions to compel the Defendants to produce documentation whose existence is nothing more than theoretical."); *Henderson v. Compdent of Tenn., Inc.*, No. Civ. A. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) ("The Court cannot compel production of what does not exist. Of course, if defendants have or acquire evidence that the response is incomplete or that the affidavit is false, other remedies may be sought by motion.").

in ORIX's MTC) and in Armentrout's possession, custody, and control have been produced and that Armentrout is not withholding any responsive documents based on his objections or otherwise.

## Conclusion

The Court DENIES Movant ORIX USA Corporation's Rule 45 Motion to Compel Compliance with Subpoena [Dkt. No. 1] without prejudice to ORIX's re-urging its motion if the representation required above is not made by August 12, 2016.

SO ORDERED.

DATED: August 1, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE